

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEVEN LEE MYRICK, | ) | No. CV 09-8898-GHK(CW) |
|---|---|---|
| Petitioner, | ) | ORDER DENYING MOTION |
|  | ) | FOR ENLARGEMENT OF TIME |
| v. | ) | AND DISMISSING ACTION |
|  | ) | WITHOUT PREJUDICE |
| SECRETARY, CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

The pro se petitioner is a prisoner in the custody of the State of California. Although Petitioner apparently intends to challenge the legality of that custody in a habeas corpus action in federal court, he has not opened the present action by filing a petition for writ of habeas corpus or application for habeas corpus relief. See Woodford v. Garceau, 538 U.S. 202, 207-08, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003)(just as civil actions in general begin with the filing of a complaint, a habeas action begins with the filing of an application for habeas corpus relief); see also Fed. R. Civ. P. Rule 3 (civil action commenced by filing

1

1 | complaint) and Rule 81(a)(4)(rules of civil procedure may apply in
2 | habeas actions); Rules Governing Section 2254 Cases in the United
3 | States District Courts, 28 U.S.C. foll. § 2254, Rule 11 (same),
4 | Rule 1 (scope of habeas rules), and Rule 2 (required form for
5 | habeas petitions); Local Civil Rules, Central District of
6 | California, Rule 83-16 (petition for writ of habeas corpus shall be
7 | filed on court forms).

8 |     Instead, Petitioner opened this action by filing a document
9 | captioned "Motion for Leave for Stay" (docket no. 1, filed December
10 | 3, 2009).  Petitioner states therein that his conviction in
11 | California Superior Court, Los Angeles County (Case No. YA064357)
12 | was affirmed by the California Court of Appeal (Case No. B204137,
13 | on March 16, 2009) and the California Supreme Court (on June 10,
14 | 2009), and that he has filed a state habeas petition in the
15 | superior court bringing new claims not raised on direct appeal.  He
16 | states that he intends to pursue all of his claims in this court,
17 | after fully exhausting state court remedies.

18 |     Although he calls his motion a motion for leave to stay, he
19 | has not filed any pleading on which this court could order a stay
20 | of proceedings.  Instead, he has asked this court to grant him an
21 | extension of the deadline for filing a habeas petition, or to find,
22 | in advance, that the petition he intends to file after completing
23 | the exhaustion of state remedies will be timely under the statute
24 | of limitations at 28 U.S.C. § 2244(d).

25 |     On its face, Petitioner's motion is not proper.  There is no
26 | pending deadline set for Petitioner by this court for which the
27 | court could grant Petitioner an extension.  The "deadline" for
28 | filing a habeas petition in federal court is not set by this court,

1 but by statute (as interpreted by case law). See 28 U.S.C.
2 § 2244(d).

3 Here, Petitioner is, in effect, asking the court to decide,
4 hypothetically and without the presence of any adverse party,
5 whether a petition filed at a later time would be time-barred under
6 the statute of limitations, and to stay proceedings until that
7 later time. Even if this court had the information necessary to
8 make such a determination, it would not have the jurisdiction to do
9 so. Under the "case or controversy" requirement of Article III,
10 Section 2, of the United States Constitution, the federal courts
11 may not issue advisory opinions or decide hypothetical issues.
12 See, e.g., Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct.
13 1694, 140 L. Ed. 2d 970 (1998)(no "case or controversy' where
14 prisoners sought declaratory relief to determine the time limits
15 that would govern future habeas actions). In particular, "[a]
16 federal court lacks jurisdiction to consider the timeliness of a
17 habeas petition unless and until such a petition is actually filed
18 because there otherwise is no case or controversy within the
19 meaning of Article III of the Constitution." Soto v. Warden, No.
20 CV 09-2377-AHM(JC), 2009 WL 1705471, at *1 (C.D. Cal. June 16,
21 2009)(citing, inter alia, Ford v. Warden, No. CV 08-4304-CAS(E),
22 2008 WL 2676842 (C.D. Cal. July 7, 2008)).

23 If and when Petitioner files a proper habeas petition in an
24 appropriate court, the court will, if necessary, determine whether
25 the petition is timely, and whether Petitioner may be entitled to
26 any form of tolling of the statute of limitations. However, this
27 court cannot grant the relief Petitioner seeks in the present
28 action by issuing an advisory opinion and staying proceedings in an

action which does not raise any claims within the subject-matter jurisdiction of this court.

It is, therefore **ORDERED** as follows:

1. Petitioner's motion for leave for stay (docket no. 1, filed December 3, 2009) is **DENIED**.

2. This action is **DISMISSED** without prejudice to the later filing of a habeas petition as a new action in the proper court.[1]

3. Judgment shall be entered accordingly.

4. The clerk shall serve this Order and the Judgment herein on Petitioner at his address of record.

DATED: 1/6/10

GEORGE H. KING
United States District Judge

Presented by:

Dated: January 4, 2010

/s/
CARLA M. WOEHRLE
United States Magistrate Judge

---

[1] The magistrate judge has separately issued a minute order explaining these matters to Petitioner and directing the clerk to mail him the court's pro se state prisoner habeas packet.